IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-20-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DARRYL LEIGH OWENS, ) | |
| ) | |
| Defendant. ) | |

On June 30, 2020, Darryl Leigh Owens ("Owens") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) and for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 286, 516 (2020) [D.E. 54]. On October 5, 2020, Owens moved for appointment of counsel [D.E. 55]. On October 22, 2020, Owens filed a second motion for compassionate release [D.E. 57]. On October 23, 2020, pursuant to this court's Standing Order 3, the court appointed counsel to represent Owens [D.E. 58]. As explained below, the court denies Owens's motions for compassionate release, dismisses Owens's request for home confinement, and dismisses as moot Owen's motion for appointment of counsel.

I.

On April 23, 2013, Owens pleaded guilty to conspiracy to possess with intent to distribute 100 grams of more of heroin in violation of 21 U.S.C. §§ 841(a)(1)(B) and 846. See [D.E. 18, 19]. On October 3, 2013, the court held Owens's sentencing hearing. See [D.E. 33]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim.

P. 32(i)(3)(A)–(B); [D.E. 30]; [D.E. 35] 1. The court calculated Owen's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See [D.E. 35] 1. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Owens to 126 months' imprisonment. See [D.E. 34] 2; [D.E. 35] 2. Owens did not appeal.

On October 24, 2017, Owens moved pro se for relief under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendment 782. See [D.E. 44] 1. On December 13, 2017, the government responded in opposition. See [D.E. 49]. On April 16, 2018, after thoroughly considering the parties' arguments and all relevant factors under 18 U.S.C.§ 3553(a), the court denied Owens's motion to reduce his sentence. See [D.E. 51].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United

2

States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

---

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

3582(c)(1)(A). See, e.g., United States v. McCoy, —F.3d—, 2020 WL 7050097, at *6–10 (4th Cir. Dec. 2, 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether any "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., id. at *9. In doing so, the court may consult U.S.S.G. § 1B1.13, but independently assesses the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at *6–10; United States v. Jones, No. 20-3071, 2020 WL 6817488, at *1–2 (6th Cir. Nov. 20, 2020); United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09-CR-336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Owens seeks compassionate release and asks to be released to home confinement. In support, Owens states that he is 48 years old, has served more than 70% of his sentence, and cites the COVID-19 pandemic and his high blood pressure, low blood counts, and chest pain. See [D.E. 54] 1. Owens also states that he has participated in all BOP-required programs, completed the non-residential drug-treatment program, participated in the 500-hour residential drug program, presents "no public safety factors," has no incident reports in last 12 months, has a "stable residence [and] support," has gainful employment, and states that his situation presents special circumstances because his grandmother is 89 years old, is sick, and is in "her last stages." See id. at 3–4. Owens also states that he has "contracted Covid-19 and feel[s] as if [his] life is in danger . . . in prison." See [D.E. 57] 1.

The court assumes without deciding that Owens has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). See [D.E. 57] 1. The government has not invoked section 3582's

5

exhaustion requirements. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Owens's claims on the merits.

The court assumes without deciding that the COVID-19 pandemic and Owens's high blood pressure, low blood counts, and chest pain are extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A). Even so, the section 3553(a) factors counsel against reducing Owens's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. As for Owens's offense conduct, from 2010 to February 2012, Owens engaged in serious criminal behavior involving a conspiracy to possess and distribute approximately 940 grams of heroin. See PSR ¶¶ 1–8. Moreover, Owens is a persistent recidivist and has convictions for possession of narcotics (two counts), possession of narcotics with intent to sell (two counts), use of a motor vehicle without permission, interfering or resisting an officer, conspiracy to commit assault in the 1st degree, criminal possession of a weapon, sale of narcotics, possession of narcotics, sale of illegal drugs, possession of marijuana (two counts), driving while impaired, possession of heroin, robbery in the 2nd degree aided by another, conspiracy to sell or deliver a schedule I controlled substance, possession with intent to manufacture, sell, or deliver a schedule I controlled substance, and carrying a concealed weapon. See PSR ¶¶ 12–25. Nonetheless, Owens has taken some positive steps while incarcerated. See [D.E. 54] 2; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the section 3553(a) factors, Owens's arguments, and the need to punish Owens for his criminal behavior, to incapacitate Owens, to promote respect for the law, to deter others, and to protect society, the court declines to grant Owens's motions for compassionate

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

release. See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Owens's request for home confinement, Owens moves under the CARES Act. See [D.E. 54] 1–3. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Owens's request for home confinement.

II.

In sum, the court DENIES Owens's motions for compassionate release [D.E. 54, 57], DISMISSES Owens's request for home confinement [D.E. 54], and DISMISSES AS MOOT his motion for appointment of counsel [D.E. 55].

SO ORDERED. This 11 day of December 2020.

JAMES C. DEVER III
United States District Judge